**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Intrum AB, *et al.*[1] | ) Case No. 24-90575 (CML) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

**REORGANIZED DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF A FINAL**
**<u>DECREE CLOSING THE CHAPTER 11 CASES</u>**

> **Emergency relief has been requested. Relief is requested not later than August 4, 2025. If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

In accordance with Article IX of the Plan (as defined below),[2] Intrum AB and Intrum AB of Texas LLC, as the Reorganized Debtors ("<u>Intrum</u>" or the "<u>Reorganized Debtors</u>"), file this motion seeking entry of a final decree and respectfully state the following in support of this motion (the "<u>Motion</u>"):

**RELIEF REQUESTED**

1.      The chapter 11 cases of Intrum AB and Intrum AB of Texas LLC, jointly administered under Case No. 24-90575, have been fully administered.   Accordingly, the Reorganized Debtors seek entry of a final decree, substantially in the form attached hereto (the "<u>Final Decree</u>"), closing the Chapter 11 Cases and granting related relief.

---

[1]      The Reorganized Debtors in these chapter 11 cases are Intrum AB and Intrum AB of Texas LLC. The Reorganized Debtors' service address in these chapter 11 cases is 801 Travis Street, STE 2101, #1312, Houston, TX 77002.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Joint Prepackaged Chapter 11 Plan of Reorganization of Intrum AB and its Debtor Affiliate Pursuant to Chapter 11 of the Bankruptcy Code (Further Technical Modifications)* [Docket No. 223] (the "<u>Plan</u>").

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Reorganized Debtors confirm their consent to the entry of a final order.

2.      Venue is proper pursuant to 28 U.S.C. § 1408.

3.      The statutory bases for the relief requested herein are sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), rule 3002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1075-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

4.      On November 15, 2024 (the "Petition Date"), Intrum commenced with the Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code.

5.      On December 31, 2024, the Court entered the *Order (I) Approving Disclosure Statement and (II) Confirming Joint Prepackaged Chapter 11 Plan of Intrum AB and Its Affiliated Debtor (Further Technical Modifications)* [Docket No. 263] (the "Confirmation Order"), confirming the Plan.  The Confirmation Order is final, non-appealable, and not subject to any pending appeal.

6.      The Effective Date of the Plan occurred on July 24, 2025 [Docket No. 401].  Given the prepackaged nature of these Chapter 11 cases and that the Effective Date has occurred, the Reorganized Debtors do not anticipate any other miscellaneous motions, applications, pleadings, objections, or other matters or proceedings being filed in these Chapter 11 Cases. The Reorganized Debtors believe there will be no other substantive motions, contested matters, or adversary proceedings to require the attention of the Court in these Chapter 11 Cases.

2

**BASIS FOR RELIEF**

7.      Section 350(a) of the Bankruptcy Code provides that, "after an estate is fully administered and the court has discharged the trustee, the court shall close the case."  11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that, "after an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

8.      The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules.  The Advisory Committee Notes to Bankruptcy Rule 3022 (the "Advisory Committee Notes"), however, set forth the following non-exclusive factors for consideration in determining whether a case has been fully administered:

     a.   whether the order confirming the plan has become final;

     b.   whether deposits required by the plan have been distributed;

     c.   whether the property proposed by the plan to be transferred has been transferred;

     d.   whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

     e.   whether payments under the plan have commenced; and

     f.   whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).  Courts look "to the advisory committee's notes on Bankruptcy Rule 3022[] in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015).  Not all of the factors need to be present for the Court to enter a final decree.  *In re Valence Tech., Inc.*, No. 12-11580-CAG, 2014 WL 5320632, at *3 (Bankr. W.D. Tex. Oct. 17, 2014).

9.     Courts have also noted that entry of a final decree is appropriate to stop the accrual of fees paid to the U.S. Trustee pursuant to section 1930 of the United States Code (the "Section 1930 Fees").   *See* Final Decree Granting Reorganized Debtors' Emergency Mot. to Close PetroQuest Energy, L.L.C's Chapter 11 Case, *In re PetroQuest Energy, Inc. et al.*, No. 18-36322 (CML) (Bankr. S.D. Tex. Mar. 18, 2025) [Docket No. 942] (granting emergency relief to close the chapter 11 case in order to stop the accrual of Section 1930 Fees); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" due to accrual of Section 1930 Fees).

10.     Here, the foregoing factors weigh strongly in favor of closing the Chapter 11 Cases. As of the Effective Date, the Chapter 11 Cases have been "fully administered," the Confirmation Order is a final order, and each of the conditions precedent to consummation of the Plan enumerated in Article IX of the Plan were satisfied or waived in accordance with the Plan and Confirmation Order.   *See* Plan, Article IX (listing conditions precedent to the Effective Date). Taking each factor in turn here: (a) the Confirmation Order is final and the Effective Date has occurred; (b) the distributions and payments required under the Plan have been made or will be made consistent with the timing anticipated under the Plan, which provides a mechanism for distributions; (c) property has vested in the Reorganized Debtors under the Plan and any property to be transferred pursuant to the Plan has been transferred; (d) the Reorganized Debtors have assumed management and operation of the reorganized business; (e) the Reorganized Debtors or other designated party have fully paid or have commenced paying administrative and priority claims under the Plan, including to professionals; and (f) no motions, proceedings, or contested matters are pending.

11.     In addition to the factors set forth in the Advisory Committee Notes, courts consider whether the plan of reorganization has been substantially consummated.  *See, e.g., JCP Props*., 540 B.R. at 605 (commenting that "substantial consummation is the pivotal question here to determine the propriety of closing the [case]").  Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: (a) transfer of all or substantially all of the property proposed by the plan to be transferred; (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (c) commencement of distribution under the plan.  11 U.S.C. § 1101(2).  Not all of these factors must be present before a court will enter a final decree.  *See, e.g., Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994).

12.     Here, the Effective Date has occurred and all three elements under the Bankruptcy Code's definition of "substantial consummation" are present.  *See* Confirmation Order, ¶ 113 ("The substantial consummation of the Plan, within the meaning of sections 1101(2) and 1127 of the Bankruptcy Code, is deemed to occur on the first date, on or after the Effective Date, on which distributions are made in accordance with the terms of the Plan to holders of any Allowed Claims or Interests (as applicable).").  Therefore, the Plan has been substantially consummated.

13.     Any Allowed Claims will be paid in accordance with the Bankruptcy Code and the Plan.  Pursuant to section 350(b) of the Bankruptcy Code, the Court retains jurisdiction to reopen the Chapter 11 Cases for further administration in the unlikely event that such a need arises.  The relief sought herein will not prejudice any other party in interest.

14.     Additionally, business reasons exist that favor closing the Chapter 11 Cases.  Specifically, until the Chapter 11 Cases are closed, the Reorganized Debtors will continue to pay the U.S. Trustee fees and expend resources complying with reporting requirements.  The

Reorganized Debtors are in compliance with all relevant reporting requirements, but closing the Chapter 11 Cases will allow the Reorganized Debtors to better focus on conducting ordinary course business affairs.

15.     Finally, entry of a final decree closing the Chapter 11 Cases will not adversely affect the substantive rights of any party in interest.  *See In re Clayton*, 101 F.3d 697, 1996 WL 661099, at *1 (5th Cir. 1996) ("[E]ntry of a final decree is merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act which was never designed to determine with finality the substantive rights of parties involved in a Chapter 11 Case.") (quoting *Greater Jacksonville Transp. Co. v. Willis (In re Greater Jacksonville Transp. Co.)*, 169 B.R. 221, 224 (Bankr. M.D. Fla. 1994)); *see also In re Gould*, 437 B.R. 34, 38 (Bankr. D. Conn. 2010) (noting that a final decree "simply delineates on the docket that the case is closed; it represents the administrative conclusion of the case for record keeping purposes").

## BASIS FOR EMERGENCY CONSIDERATION

16.     Each quarter that the Chapter 11 Cases remain open, the Reorganized Debtors will be required to prepare post-confirmation reports, pay substantial Section 1930 Fees, and incur professional expenses related to the Chapter 11 Cases.  Such reports and payments are required for every post-confirmation calendar quarter, ***or a part of a quarter***, in which the Chapter 11 Cases are pending.  *See* Instructions for UST Form 11-PCR, pp. 1-2, 3; *see also* Region 7 Guidelines for Debtors-in-Possession, Section VIII(A).  Further, the Section 1930 Fees are based on distributions in the quarter.  Given the large, ongoing distributions made by the Reorganized Debtors, a shorter quarter should result in lower Section 1930 Fees than would be assessed for a full quarter. Accordingly, to avoid unnecessary burden and expense, the Reorganized Debtors request that the Court administratively close these cases on or before August 4, 2025.

**NOTICE**

17.      The Reorganized Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Office of the United States Attorney for the Southern District of Texas; (d) the state attorneys general for states in which the Debtors conduct business; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) the United States Department of the Treasury; (h) the United States Department of Justice; (i) counsel to the Notes Ad Hoc Group; (j) counsel to the RCF SteerCo Group; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Reorganized Debtors respectfully request entry of the Final Decree granting the relief requested herein and such other and further relief as the Bankruptcy Court may deem just and proper.

Dated: July 30, 2025

Respectfully Submitted,

By: */s/ John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX 24083263)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile:  (713) 226-6248
Email:       jhiggins@porterhedges.com
            sjohnson@porterhedges.com

**MILBANK LLP**
Dennis F. Dunne (admitted *pro hac vice*)
Jaimie Fedell (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile:  (212) 530-5219
Email:       ddunne@milbank.com
            jfedell@milbank.com

 - and -

**MILBANK LLP**
Andrew M. Leblanc (admitted *pro hac vice*)
Melanie Westover Yanez (admitted *pro hac vice*)
1850 K Street, NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile:  (202) 263-7586
Email:       aleblanc@milbank.com
            mwyanez@milbank.com

*Counsel to the Reorganized Debtors*

**<u>Certificate of Accuracy</u>**

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief. This statement is made pursuant to Local Rule 9013-1(i).

By: <u>*/s/ John F. Higgins*</u>
   John F. Higgins

**<u>Certificate of Service</u>**

I certify that on July 30, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

By: <u>*/s/ John F. Higgins*</u>
   John F. Higgins